# CIRCUIT COURT OF THE CITY OF RICHMOND

Bernadette C. Aikens

   v.

Colonial Life and
Accident Ins. Co.

November 20, 1997

Case No. LB-3030-3

BY JUDGE RANDALL G. JOHNSON

This case was tried without a jury on November 7, 1997. The court will now render its judgment.

Bernadette C. Aikens, the plaintiff, is a deputy clerk at the Juvenile and Domestic Relations District Court of the City of Richmond. In November or December 1987, she and other court employees were visited by Steve McNamee, an agent of the defendant, Colonial Life and Accident Insurance Company, for the purpose of soliciting life insurance policies as part of the benefit package offered to court employees. Plaintiff expressed interest in a policy on the life of her husband, Aaron S. Aikens. On December 7, 1987, either at plaintiff's house, as plaintiff testified, or at the juvenile court building, as McNamee testified, plaintiff and her husband signed an application for a policy on her husband's life in the face amount of $17,170.

Plaintiff testified that at the time she applied for the policy, she told McNamee she wanted the policy for "my protection" and for "my daughter's protection." She also testified that she told McNamee she wanted to be the beneficiary. Neither she nor McNamee, according to plaintiff, ever mentioned the term "owner." McNamee testified that he has no specific recollection of

his meeting with plaintiff but that all of the handwriting on the application except the signatures of plaintiff and her husband is his, so he knows he wrote the policy. He also testified that it is and was his practice to always explain to prospective customers the meaning of, and difference between, the terms "beneficiary," "payor" and "owner." Item "(4)" of the application is the following preprinted statement:

(4) Payor or Owner if Other Than Proposed Insured (Name, Address & SS#:) [] Payor [] Owner [] Both

Handwritten in the space under the preprinted statement is "Bernadette C. Aikens (same address as above) 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," and the preprinted box beside "Payor" is checked. Based on the application, a policy on the life of Aaron Aikens was issued.

By final decree entered August 28, 1994, plaintiff and Aaron Aikens were divorced. Before and after the divorce, plaintiff paid all premiums on the policy when due. Aaron Aikens paid no premiums. Aaron Aikens died on May 10, 1996. When plaintiff applied for the proceeds of the policy, she was informed by Colonial that Aaron Aikens was the owner of the policy, that he had changed the beneficiary to his son, Aaron, Jr., and that plaintiff was not entitled to any proceeds under the policy. This action followed.

To the extent any of the above facts or any other facts are in dispute, the court makes the following factual findings based on the evidence presented at trial: first, the court finds that it was plaintiff's intention when she applied for the policy that she would be the person who controlled the policy, including who the beneficiary would be. In spite of his usual practice, McNamee never explained to plaintiff the meaning of the term "owner," and that term is not defined in the application. Although a copy of the application was mailed to plaintiff, she was never told that she and/or the owner of the policy was supposed to receive a copy of the policy, and she never received one. Plaintiff paid all premiums on the policy from the time it was issued until the death of Aaron Aikens. Based on these facts, the court finds that plaintiff is entitled to the policy proceeds.

When plaintiff and McNamee met in 1987, plaintiff offered to purchase an insurance policy under certain conditions. Those conditions included the requirement that she be the beneficiary and that no one but plaintiff would be able to change the beneficiary. While she did not use those precise words, her statement that the policy was to be for her protection and for her daughter's protection should have put McNamee, a trained insurance agent, on notice that plaintiff, and not Aaron Aikens, should have control of the policy.

Otherwise, exactly what happened could easily be expected to happen: the policy no longer protected plaintiff or her daughter. By agreeing to issue the policy after being told what plaintiff's requirements were, McNamee, and thus Colonial, agreed to plaintiff's terms. When Colonial failed to pay the proceeds of the policy to plaintiff upon Aaron Aikens' death, those terms were breached.

Colonial makes three arguments that deserve comment. First, Colonial points to the fact that Item "(4)" of the application, described above, clearly shows that Aaron Aikens, not plaintiff, is the owner of the policy and that since plaintiff signed the application and received a copy of it over ten years before her husband's death, she is bound by the knowledge that she was not the owner. Indeed, the law is that an application for insurance becomes part of the insurance contract once the policy is issued and that a clear and unambiguous policy and application cannot be modified by parol evidence. *Peoples Life Ins. Co. v. Parker*, 179 Va. 662, 667-68, 20 S.E.2d 485 (1942). The fact is, however, that it is not the written contract of insurance that was breached in this case. Instead, it is the contract that was formed when Colonial accepted plaintiff's offer to buy an insurance policy under which plaintiff would decide who would be the beneficiary.

Item "(4)" of the policy refers to three categories of people: the insured, the payor, and the owner. If the payor or owner is to be someone other than the insured, Item "(4)" must be filled in. Otherwise, it should be left blank. If the payor is to be someone different than the insured, the "Payor" box should be checked. If the owner is to be someone different than the insured, the "Owner" box should be checked. If the payor *and* owner is to be someone different than the insured, the "Both" box should be checked. In this case, it is now obvious that to accomplish what plaintiff told McNamee she wanted to accomplish, that is, that she wanted to pay the premiums *and* control who would be the beneficiary, the "Both" box should have been checked. There is absolutely no evidence, however, that plaintiff knew that. While McNamee testified that it is the owner of the policy who names the beneficiary, he did not explain that to plaintiff, and the application contains no explanation of what being the owner of a policy means. And while the policy itself does define the term owner, plaintiff never received it. The court holds that the term "owner," as related to insurance policies, is not so familiar to people generally that plaintiff should have been on notice when she signed the application that her not being listed as owner meant that she did not control who the beneficiary of the policy would be. Instead, it is the company, through its agent McNamee, that should have made certain that what plaintiff bargained for was given to her. The company failed to do that.

Second, Colonial argues that plaintiff's claim is not a claim for breach of contract, but for negligence; that is, that Colonial was negligent in not making plaintiff the owner of the policy, thereby allowing Aaron Aikens to change the beneficiary. If that is true, says Colonial, the negligence occurred in 1987 when Aaron Aikens was made the policy's owner. Thus, the statute of limitations applicable to negligence actions, which is probably the one-year or two-year "catch-all" statute (Va. Code § 8.01-248) since no personal injury or property damage is involved, has expired.[1] The court disagrees.

Plaintiff's claim is that Colonial breached its agreement to pay $17,170 upon her husband's death to the person plaintiff chose to be the beneficiary. How the agreement was breached, through negligence or otherwise, is unimportant. Moreover, the agreement was not breached until Aaron Aikens' death and Colonial's refusal to pay the policy proceeds to plaintiff, both of which occurred in May 1996. This suit, filed in December 1996, is timely.

Finally, Colonial argues that even if this is a breach of contract case, the breach occurred in 1987 when McNamee listed plaintiff's husband as owner instead of plaintiff. Thus, according to Colonial, the five-year statute of limitations applicable to written contacts, Va. Code § 8.01-246, bars this suit. As has just been said, however, the agreement breached by Colonial was not an agreement to make plaintiff the owner of an insurance policy, although that was the appropriate thing to do to accomplish the goal that plaintiff told McNamee she wanted to accomplish. Rather, the agreement breached by Colonial was its agreement to pay the policy proceeds to the beneficiary designated by plaintiff. No statute of limitations bars this suit.

For the reasons set out above, judgment will be entered in favor of plaintiff in the amount of $17,170, plus interest at the legal rate from May 10, 1996, the date of Aaron Aikens' death.

---

[1] Whether the "catch-all" statute is one or two years depends on when the cause of action accrued since the statute was amended in 1995 to increase the limitations period from one year to two years.